[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Marvallous Keene is appealing from the trial court's denial without a hearing of his petition for post-conviction relief.
The story of Keene's bloody rampage, with companions, of multiple murders and robbery committed around Christmas time in 1992 will not be repeated here. They are set forth in full in this court's affirmance of his conviction and the supreme court's affirmance also. State v. Keene (Sept. 20, 1996), Montgomery App. No. 14375, unreported. State v. Keene (1998), 81 Ohio St.3d 646.
On this appeal, Keene presents the following four assignments of error:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN DISMISSING PETITIONER'S FIRST CAUSE OF ACTION, WHICH WAS BASED UPON ITS FAILURE TO GRANT PLAINTIFF'S MOTION FOR CHANGE OF VENUE AND EFFECTIVELY FORCED HIM TO INVOLUNTARILY WAIVE HIS CONSTITUTIONAL RIGHT TO A JURY TRIAL, IN VIOLATION OF THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION, THEREBY RENDERING THE JUDGMENT AGAINST PETITIONER VOID OR VOIDABLE.
SECOND ASSIGNMENT OF ERROR
 THE COURT ERRED IN DISMISSING PETITIONER'S SECOND CAUSE OF ACTION, AS PETITIONER KEENE DID NOT MAKE A KNOWING, INTELLIGENT AND VOLUNTARY WAIVER OF HIS CONSTITUTIONAL RIGHT TO AN IMPARTIAL JURY OF HIS PEERS.
THIRD ASSIGNMENT OF ERROR
 THE COURT ERRED IN DISMISSING PETITIONER'S FOURTH CAUSE OF ACTION AND BY ALLOWING THE PETITIONER TO BE TRIED, CONVICTED AND SENTENCED TO DEATH FOR FELONY MURDER ALLEGEDLY COMMITTED DURING A BURGLARY AND/OR ROBBERY. THE TRIAL COURT VIOLATED THE PROHIBITION AGAINST DUPLICITOUS INDICTMENTS AND DEPRIVED PETIONER [sic] OF HIS RIGHTS TO A UNANIMOUS VERDICT, TO SUBSTANTIVE DUE PROCESS, TO PROCEDURAL PROCESS, AND IN VIOLATION OF CONSTITUTIONAL PROHIBITIONS AGAINST DOUBLE JEOPARDY.
FOURTH ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN SUMMARILY DISMISSING PETITIONER'S POST-CONVICTION PETITION BASED ON RES JUDICATA WHEN IT COULD NOT HAVE BEEN FULLY LITIGATED ON APPEAL AND WITHOUT AFFORDING THE PETITIONER THE OPPORTUNITY TO CONDUCT DISCOVERY AND AN EVIDENTIARY HEARING IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTIONS.
His second and third assignments of error were raised on his direct appeal and were thoroughly considered and overruled by this court and, therefore, cannot be raised again on the grounds of resjudicata. State v. Perry (1967), 10 Ohio St.2d 175.
In his fourth assignment of error, Keene argues that because a petition for post-conviction relief is civil in nature, it is, therefore, subject to and governed by the Ohio Rules of Civil Procedure, which were violated in this case, because he was not allowed the opportunity to engage in discovery. As the appellee properly points out, however, post-conviction relief actions are special statutory proceedings, and the general civil rules do not apply except unless specifically provided by the statute. A petitioner for post-conviction relief is not entitled to discovery. State v. Chinn (Aug. 17, 1998), Montgomery App. No. 16764, unreported.
In his first assignment of error, Keene argues that since the trial court in his original case did not sustain his motion to change the venue, he was forced to involuntarily waive his right to a jury trial. This argument is specious. Keene waived his right to a jury trial before his motion to change venue was ruled upon. Furthermore, the Supreme Court of Ohio has conclusively held that the denial of a motion for a change of venue does not force the accused to waive his right to a jury trial. State v.Fox (1994), 69 Ohio St.3d 183, 188-189.
All four of Keene's assignments of error are overruled, and the judgment is affirmed.
WOLFF, J. and FAIN, J., concur.
Copies mailed to:
Carley J. Ingram
Cornelius "Carl" Lewis
Hon. David G. Sunderland